**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VIOLETA ORNELAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:26-cv-12568** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BWAY CORPORATION d/b/a MAUSER PACKAGING SOLUTIONS,** | ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Violeta Ornelas ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against BWAY Corporation d/b/a Mauser Packaging Solutions ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.*

5. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under Title VII and the ADA have occurred or been complied with.

7. Plaintiff filed a charge of discrimination on the basis of sex, disability, and retaliation with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Right to Sue.

## PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Violeta Ornelas, resides in Cook County, in the State of Illinois.

11. At all times material to the allegations in this Complaint, Defendant, BWAY Corporation d/b/a Mauser Packaging Solutions, is a corporation doing business in and for Cook County, Illinois, whose address is 3201 S Millard Ave, Chicago, IL 60623-5028.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4) and 42 U.S.C §2000e(f).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and Title VII, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A) and Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

14. Plaintiff was employed by Defendant as a Production Supervisor from on or about April 7, 2025, until her termination on or about August 4, 2025.

15. Plaintiff has physical impairments that substantially limit major life activities.

16. Specifically, Plaintiff suffers from Complex Regional Pain Syndrome and fibromyalgia.

17. Plaintiff's impairments cause constant and severe pain in localized areas of the body along with fatigue, expanding pain, sleep disturbances, and cognitive difficulties.

18. Plaintiff's major life activities that are limited include walking, standing, moving, and performing daily activities.

19. Plaintiff is a "qualified individual" as defined under the ADA.

20. Plaintiff is "disabled" as defined under the ADA.

21. Plaintiff is a member of a protected class because of her disabilities.

22. Plaintiff's disabilities substantially limit one or more major life activities.

23. Despite these disabilities, Plaintiff was qualified and able to perform the essential functions of her job, with or without reasonable accommodation.

24. Plaintiff is and identifies as female.

25. Plaintiff is a member of a protected class due to her sex (female).

26. Plaintiff met or exceeded Defendant's performance expectations throughout the duration of her employment.

27. Prior to her termination, Plaintiff had not received any warnings or disciplinary actions.

28. Plaintiff was reassigned to another facility due to a strike.

29. On or about June 10, 2025, Plaintiff's co-worker, Fernando (LNU), told Plaintiff multiple times that he would not have hired a woman for the position.

30. Fernando repeated this sentiment on several other occasions.

31. Fernando also made inappropriate comments about Plaintiff's appearance, including sexually charged remarks about her chest and rear.

32. Many of the sexually charged and misogynistic comments occurred in front of Defendant's Plant Manager, Matt (LNU).

33. On or about July 4, 2025, Plaintiff reported Fernando's comments about her appearance to Matt.

34. Plaintiff sent Matt a text message explaining Fernando's comments about her body and also that Fernando stated that a woman should not have her position.

35. Plaintiff asked that the comments stop.

36. In making this complaint, Plaintiff was engaging in protected activity.

37. Matt did not respond to this text.

38. Later in the week, when Matt and Plaintiff were at work, Matt spoke to Plaintiff stating that he would talk to Fernando about the comments.

39. Matt then dismissed Plaintiff's complaint, explaining that they were not at "home" and needed to put up with the treatment until they could return to the site that was on strike.

40. However, Fernando's behavior did not cease and instead the comments became more frequent.

41. Upon information and belief, Defendant neither investigated Plaintiff's complaint nor took any remedial action on Plaintiff's complaint of sex-based discrimination and sexual harassment.

42. In or around July 2025, a male supervisor, Ray (LNU), stated to Plaintiff in front of Matt, "Can you move your car? Your ass is sticking out."

43. Ray, however, was not referring to Plaintiff's car, but instead her buttock.

44. In or around late July 2025, a member of Defendant's management, Mike (LNU), sent an email to higher-level employees referring to Plaintiff as a "slob."

45. The email falsely attributed a coffee stain in the break room to Plaintiff.

46. Male employees were not treated in this manner.

47. Further, Plaintiff was repeatedly referred to as a "marimacha," meaning "dyke" in Spanish, by coworkers.

48. On or about July 25, 2025, Plaintiff submitted a complaint to Defendant's Vice President, Jason (LNU), reporting ongoing workplace issues, including sexual harassment, discrimination on the basis of her sex, and comments that were being made about a co-worker's sexual orientation.

49. In making this complaint, Plaintiff was engaging in protected activity.

50. Within this complaint, Plaintiff requested to be transferred to a site in Michigan, despite that being a lengthy and strenuous commute, just in order to escape the treatment.

51. Upon information and belief, Defendant did not investigate or take any action in response to Plaintiff's complaint.

52. In or around July 2025, Plaintiff was diagnosed with fibromyalgia.

53. On or about July 25, 2025, Plaintiff informed Human Resources Manager Emilia Partida ("Ms. Partida") of her Complex Regional Pain Syndrome and recent diagnosis of fibromyalgia.

54. Plaintiff told Ms. Partida that she had been experiencing flare-ups every other day due to workplace conditions.

55. In making this disclosure, Defendant was aware of Plaintiff's disability and on notice of the need for reasonable accommodation.

56. Following this disclosure, Plaintiff was instructed to go home and finish the day working remotely.

57. Plaintiff was also instructed not to return to that facility.

58. Defendant terminated Plaintiff's employment through a termination letter dated August 4, 2025.

59. The termination letter cited "poor personal interactions" as the reason for Plaintiff's termination.

60. The termination letter was signed by Defendant's HR Regional Manager, Ms. Partida.

61. On or about August 10, 2025, Plaintiff was informed of her termination.

62. Plaintiff was retaliated against, and her employment was terminated, for opposing unlawful sexual harassment and exercising her protected rights.

63. Plaintiff was unlawfully terminated because of her disability, because of her sex, and in retaliation for engaging in protected activity.

64. At all relevant times, Defendant had knowledge of Plaintiff's disability and her need for a reasonable accommodation for her Complex Regional Pain Syndrome.

65. Despite this knowledge, Defendant failed to provide Plaintiff with a reasonable accommodation.

66. Defendant further failed to engage in the interactive process to determine an appropriate reasonable accommodation for Plaintiff's disability.

67. Defendant denied Plaintiff's request for reasonable accommodation.

68. During Plaintiff's employment, her co-worker, Fernando, made repeated inappropriate and sexually suggestive comments toward Plaintiff.

69. Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaints of sexual harassment.

70. Defendant also failed to take necessary precautions to prevent further recurrences of the harassing conduct Plaintiff complained of.

71. Plaintiff was subjected to sexual harassment and sex discrimination to the extent that she reported the conduct to Defendant's Plant Manager and Human Resources Department.

72. Those outside of Plaintiff's protected class (non-disabled and/or male) were not subject to the same treatment as Plaintiff.

73. Plaintiff can show that she engaged in statutorily protected activity, a necessary component of her retaliation claim, because Plaintiff lodged complaints directly to Defendant's

Plant Manager and Human Resources Department regarding the sexual harassment she experienced.

74. Plaintiff suffered multiple adverse employment actions including, but not limited to, being instructed not to return to the facility where she worked and the termination of her employment.

75. The stated reason for Plaintiff's termination, "poor personal interactions", was pretextual.

**COUNT I**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

76. Plaintiff repeats and re-alleges paragraphs 1-75 as if fully stated herein.

77. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

78. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

79. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

80. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

81. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

82. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

83. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

84. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

85. Plaintiff repeats and re-alleges paragraphs 1-75 as if fully stated herein.

86. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

87. Plaintiff is a qualified individual with a disability.

88. Defendant was aware of the disability and the need for accommodations, as Plaintiff requested a reasonable accommodation in the form of relief from the workplace conditions that were causing her Complex Regional Pain Syndrome flare-ups.

89. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodation.

90. Plaintiff's requests were not an undue burden on Defendant.

91. Defendant did not accommodate Plaintiff's disability.

92. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

93. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

94. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Americans with Disabilities Act**
**(Retaliation)**

95. Plaintiff repeats and re-alleges paragraphs 1-75 as if fully stated herein.

96. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

97. During Plaintiff's employment with Defendant, Plaintiff disclosed her Complex Regional Pain Syndrome to Defendant's Human Resources Manager and reported that workplace conditions were causing her flare-ups.

98. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

99. In response to Plaintiff's disclosure, Defendant retaliated against Plaintiff by instructing her not to return to the facility where she worked and terminating her employment.

100. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her disclosure, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

101. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, the termination of her employment.

102. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

103. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

104. Plaintiff repeats and re-alleges paragraphs 1-75 as if fully stated herein.

105. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

106. Defendant knew or should have known of the sexual harassment.

107. The sexual harassment was severe or pervasive.

108. The sexual harassment was offensive subjectively and objectively.

109. The sexual harassment was unwelcomed.

110. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

111. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

112. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

113. Plaintiff repeats and re-alleges paragraphs 1-75 as if fully stated herein.

114. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, female, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

115. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant, as she never received non-discriminatory or non-retaliatory write-ups or negative performance remarks.

116. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

117. Defendant retaliated against Plaintiff and subjected Plaintiff to different terms of employment on the basis of Plaintiff's sex.

118. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

119. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

120. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

121. Plaintiff repeats and re-alleges paragraphs 1-75 as if fully stated herein.

122. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

123. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to supervisors, Defendant, and/or Defendant's Human Resources Department about sexual harassment and sex-based discrimination that she was continuously subjected to.

124. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

125. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

126. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

127. Plaintiff suffered adverse employment actions in retaliation for engaging in protected activity, including but not limited to removal from her work facility and termination.

128. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

129. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

130. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

a. Back pay;

b. Payment of interest on all back pay and benefits recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorney fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 14th day of October, 2026

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Sophia Steere*
**SOPHIA STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@atlaslawcenter.com
*Attorney for Plaintiff*

/s/ *Jake Fondel*
**JAKE FONDEL, ESQ.**
IL Bar No.: 6354446
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148

Phone (331) 272-5953
Fax (630) 575 - 8188
jfondel@atlaslawcenter.com
*Attorney for Plaintiff*